UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**COLUMBIA FRUIT LLC, a Washington**
**limited liability company,**

        Plaintiff,

v.

**ANASTAS SHARABARIN, an individual,**

        Defendant.

**Case No. 3:14-cv-01800-ST**

**ORDER**

**STEWART, Magistrate Judge:**

    Defendant, Anastas Sharabarin, has filed a Motion to Dismiss (docket #10) the First Amended Complaint (docket #7) which alleges claims for breach of contract (First Claim), fraudulent misrepresentation (Second Claim), mistake (Third Claim), and unjust enrichment (Fourth Claim). Plaintiff, Columbia Fruit, LLC, alleges that it made a $81,717.30 payment to defendant on March 13, 2014 ("2014 Payment") as consideration for the exclusive right to purchase defendant's berries during the 2014 through 2018 growing seasons at the IQF grade market rate. Defendant argues that the 2014 Payment instead served as a condition precedent to the 2014-2018 Agreement and is not recoverable under any legal or equitable theory.

1 – ORDER

As discussed at the hearing on defendant's motion, the problem with the First Amended Complaint is that it confuses or conflates the remedies available to plaintiff under the alternative claims. Two of those claims for breach of contract and mistake assume that there is a valid and enforceable contract. The third and fourth claims for fraudulent misrepresentation and unjust enrichment assume the opposite: either that the contract is void, having been induced by false misrepresentations, or that it operates as a quasi-contract conveying an unjust benefit to defendant. The question as to the legal effect of the 2014 Payment on the 2014-2018 Agreement, whether as consideration or as condition precedent, is an issue only for the breach of contract claim. As explained below, because rescission is an available remedy for a breach of contract claim under ORS 72.7110, allowing plaintiff to recover the 2014 Payment, even as a condition precedent, it survives defendant's motion.

Based on the parties' submissions and argument at the hearing held on April 23, 2015, it is hereby ORDERED that Defendant's Motion to Dismiss (docket #10) is GRANTED in part and DENIED in part as follows:

1. Granted as to the First Claim for Relief (Breach of Contract) with leave to replead to clarify whether plaintiff seeks to affirm or rescind the 2014-2018 Agreement and the appropriate remedy. The First Amended Complaint alleges a prayer for relief for strictly legal damages, including the 2014 Payment, costs and disbursements, and post-judgment interest. However, at the hearing, plaintiff clarified that it seeks to cancel the 2014-2018 Agreement and recover the price that has been paid, including the cost to cover the undelivered berries and any incidental and consequential damages, pursuant to ORS 72.7110 and ORS 72.7120. As discussed at the hearing, the factual allegations are sufficient to support a claim for breach of a settlement agreement of disputed amounts owing under the 2013 Agreement based on plaintiff's payment of

the 2014 Payment and defendant's failure to deliver berries in 2014.  Alternatively, the factual allegations may support a claim for breach of an option contract for which defendant paid the 2014 Payment.  Depending on the legal theory alleged, the recoverable damages may differ;

      2. Granted as to the Second Claim for Relief (Fraudulent Misrepresentation) with leave to replead.  Based on the factual allegations, plaintiff may be able to state a claim for fraudulent inducement as an alternative theory of recovery in the event that the 2014 2018 Agreement is void and not enforceable due to defendant's false representation(s).  Plaintiff may then be entitled to recover any payments that it made in reliance on defendant's false representation(s), including the 2014 Payment.  However, in its current form, the First Amended Complaint does not allege that, but for the misrepresentations, plaintiff would not have entered into the 2014-2018 Agreement and delivered the 2014 Payment.  It also fails to allege when defendant made the allegedly false representation(s) and to whom;

      3. Granted as to the Third Claim for Relief (Mistake) with prejudice.  The factual allegations do not support any claim premised on a mutual mistake by both parties or a unilateral mistake by plaintiff coupled with fraud by defendant.  Based on the factual allegations, plaintiff made no mistake, but delivered the 2014 Payment to defendant either as consideration for, or to satisfy the "condition precedent" of, the 2014-2018 Agreement.  Furthermore, at the hearing, plaintiff conceded that defendant was not mistaken as to the sufficiency of the 2014 Payment because he accepted it.  Even if defendant changed his mind later, that would not constitute a mistake made by him at the time of contract formation.  Defendant may have falsely misrepresented his belief that the 2014 Payment fully satisfied any outstanding debt owed on the 2013 Agreement, but that allegation supports a claim for fraudulent inducement, not a claim premised on mistake.  No amendment can revive this claim;

4.  Denied as to the Fourth Claim for Relief (Unjust Enrichment) which is construed as an alternative theory of recovery if the 2014-2018 Agreement is void and not enforceable either due to plaintiff's failure to satisfy the "condition precedent" or defendant's false representation(s).

Plaintiff shall file a Second Amended Complaint on or before April 30, 2015.

DATED April 27, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

4 – ORDER