UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

COLUMBIA FRUIT LLC, a Washington
limited liability company,

                    Plaintiff,                              Case No. 3:14-cv-01800-ST

v.                                                          ORDER

ANASTAS SHARABARIN, an individual,

                    Defendant.

**STEWART, Magistrate Judge:**

Plaintiff, Columbia Fruit LLC ("Columbia Fruit"), bought and processed blackberries

grown by defendant, Anastas Sharabarin ("Sharabarin"), during the 2013 season, pursuant to a

written contract for the sale of the 2013 harvest of Hull and Lochness blackberries ("2013

Contract").  Defendant alleges that the parties also entered an oral contract for the sale of his

2013 harvest of Nightfall, Sylvan, and Black Diamond blackberries.  The parties dispute whether

plaintiff still owes defendant money pursuant to those contracts for the 2013 season and whether

they entered into a contract in 2014 granting plaintiff the exclusive right to buy blackberries from

defendant through 2018 ("2014-18 Contract").

1 – ORDER

The Second Amended Complaint alleges claims with respect to the 2014-18 Contract for breach of contract (First Claim), fraudulent misrepresentation (Second Claim), and unjust enrichment (Third Claim). Defendant's Answer alleges counterclaims with respect to the 2013 season for breach of contract of the 2013 Contract (First Counterclaim), breach of the 2013 oral contract (Second Counterclaim), unjust enrichment (Third Counterclaim), and fraud in the inducement (Fourth Counterclaim).

Defendant has filed a Motion for Summary Judgment (docket #39) on plaintiff's three claims. Plaintiff has filed a Motion for Summary Judgment on defendant's four counterclaims (docket #55) and a cross-Motion for Partial Summary Judgment on its First Claim for breach of contract (docket #58). Based on the record before the court, no party is entitled to summary judgment. In fact, the success of all claims and counterclaims depends on the single factual question of how much money remains owing by plaintiff to defendant, if any, for the 2013 season.

As to the First Claim, defendant seeks summary judgment on the theory that even if the 2014-18 Contract is valid (which he disputes), plaintiff is not entitled to the damages it seeks, namely a return of the $81,717.30 payment made when entering into 2014-18 Contract ("2014 Payment"). The parties agree that the 2014 Payment is the difference between what defendant contends plaintiff owed him ($0.70/lb IQF rate) for the Hulls (one variety of blackberries) delivered August 16-September 5, 2013, and what plaintiff paid him ($0.40/lb juice rate). Peterson Decl. (docket #56), Ex. 2, pp. 2-3. Plaintiff alleges that it made the 2014 Payment as consideration for the exclusive right to purchase all of defendant's blackberries from 135 acres for the 2014 through 2018 growing seasons at "the market rate per pound at the IQF grade."

2 – ORDER

Defendant argues that, to the contrary, the 2014 Payment instead served as a condition precedent to the 2014-18 Contract, as expressly characterized in that contract.

Just as in his prior motion to dismiss, defendant argues that, as a condition precedent, the 2014 Payment is not recoverable under the Unified Commercial Code ("UCC"), codified in ORS Chpts. 71–84, for breach of the 2014-18 Contract. As previously explained by this court, rescission is an available remedy for defendant's repudiation of the 2014-18 Contract. Pursuant to ORS 72.110(1), when "a seller fails to make delivery or repudiates" a contract in its entirety, "the buyer may cancel" and recover "so much of the price as has been paid," in addition to "cover" and "damages for nondelivery as provided in ORS 72.7130." Regardless of the language used in the 2014-18 Contract, the 2014 Payment was part of the price paid by plaintiff to obtain an *exclusive right* to all of defendant's berries on 135 acres for the next five seasons. Absent that exclusive right, plaintiff would have not made the 2014 Payment. In other words, assuming that the 2014-18 Contract is valid and enforceable, defendant's repudiation of that contract entitles plaintiff to the remedy of rescission in order to return the parties to their respective pre-contract positions. Accordingly, plaintiff's motion for summary judgment on the First Claim is denied.

However, that does not mean plaintiff is entitled to summary judgment on its cross-motion on the First Claim. To prevail, plaintiff must prove that the 2014-18 Contract is valid and enforceable. Defendant has submitted evidence that he never accepted plaintiff's amended version of the 2014-18 Contract which limited the 2014 Payment to the amount due for "Hulls only" for the 2013 season. Based on defendant's evidence, the 2014-18 Contract was never formed and cannot be enforced. Accordingly, genuine disputes of material fact preclude summary judgment for plaintiff on its breach of contract claim.

3 – ORDER

In the alternative to the First Claim, the Second Claim seeks to void the 2014-18 Contract based on defendant's fraudulent misrepresentation.  Defendant seeks summary judgment against the Second Claim on the same basis as against the First Claim, namely that plaintiff cannot recover the 2014 Payment as damages for a false promise to deliver berries in the future.  To the contrary, plaintiff is entitled to recover all remedies available under Oregon law for a fraudulent, as well as a non-fraudulent, breach of a contract, including rescission.  *See* ORS 72.7210. Plaintiff's remedy is not limited only to "cover" damages.  Defendant also claims that plaintiff has failed to present evidence that defendant told representatives of plaintiff that the 2014 Payment was sufficient to satisfy the condition precedent of the 2014-18 Contract.  Defendant denies making the alleged representation, and representatives of plaintiff present at the meeting, Marty Peterson ("Peterson") and Matena Snegirev, do not recall what was discussed.  However, Peterson testified that defendant *agreed* that the 2014 Payment was "sufficient to pay for all the dockages for 2013."  Peterson Deposition, p. 67.  This testimony is sufficient to create a genuine issue of material fact.

In the event that the 2014-18 Contract is invalid and unenforceable, the Third Claim alleges that defendant was unjustly enriched by the 2014 Payment.  Defendant argues that he was not unjustly enriched because, as stated in the 2014-18 Contract, it was payment for "funds that remain due to SELLER for Berries delivered in 2013."  From defendant's perspective, plaintiff made a voluntary payment on the amount still due and owing for the 2013 season.  However, plaintiff has submitted evidence that it owed defendant nothing, including for "Hulls only," and only made the 2014 Payment to mollify defendant and secure a future right to defendant's berries.  If plaintiff is correct, then defendant is not entitled to summary judgment.  This issue of fact precludes summary judgment for defendant.

4 – ORDER

In sum, whether the 2014-18 Contract is valid or invalid, plaintiff is entitled to recover the 2014 Payment either as a remedy for rescission/fraud or unjust enrichment. However, plaintiff is only entitled to recover the full amount of $81,717.30 if it did not owe defendant anything at that time (March 15, 2014, according to the date on the check) for the 2013 season. The parties dispute what, if anything, was still due and owing for the 2013 season and whether the 2014 Payment was an overpayment or underpayment. Thus, the 2014 Payment is subject to defendant's counterclaims for amounts due and unpaid for the 2013 season, including not only the 2014 Payment for the Hulls, but also money for the other varieties of berries.[1]

Plaintiff seeks summary judgment against all four of defendant's counterclaims. Those counterclaims are based on two written contracts and an oral contract governing the 2013 season. Disputes of material fact preclude summary judgment on any of those counterclaims, including: (1) whether the parties had an oral contract and, if so, its terms; and (2) whether the 2013 berries were properly downgraded based on defendant's evidence that other processors paid higher prices for the same berries and that plaintiff failed to notify defendant that it had downgraded certain berries as dictated by the usage of trade.

Based on the foregoing reasons, defendant's Motion for Summary Judgment (docket #39), plaintiff's cross-Motion for Partial Summary Judgment on the First Claim (docket #55) and plaintiff's Motion for Summary Judgment on defendant's counterclaims (docket #58) are DENIED.

DATED December 18, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

---

[1] Although not pled, the court construes defendant's First Counterclaim to include the amount that he believes plaintiff underpaid for the 2013 delivery of the Hulls which is equal to the amount of the 2014 Payment.